**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

ADAM SCOTT

v. Civil No. 26-cv-556-JL-AJ

LT. SCOTT TAWES AND
FEDERAL BUREAU OF PRISONS

## REPORT AND RECOMMENDATION

Petitioner, Adam Scott, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the conditions of his confinement at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"). Scott's Petition (Doc. No. 1) is before this court for preliminary review. See 28 U.S.C. § 2243; Rules 1(b) and 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A). For reasons explained below, the district judge should dismiss this § 2241 Petition without prejudice and direct entry of judgment.

## § 2254 RULE 4 REVIEW STANDARD

Under § 2254 Rule 4, a judge must examine a petition for habeas relief and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes Petitioner's pleadings liberally, considering his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## BACKGROUND

Scott asserts that Lt. Tawes on August 9, 2025, falsely accused Scott of masturbating towards Corrections Officer ("CO") A. Milne, in violation of prison disciplinary rules. The accusation formed the basis of a disciplinary report that Lt. Tawes ordered CO Milne to file. The disciplinary charge resulted in Scott's transfer to the Special Housing Unit ("SHU") where he remained for two weeks under

administrative detention. Scott asserts that CO Milne destroyed or gave away Scott's personal property upon his transfer to SHU, and that Lt. Tawes and CO Milne told others that Scott was a "pervert," which Scott asserts subjected him to a risk of prisoner-on-prisoner violence. Scott further asserts he was sexually assaulted on the same date he was sent to SHU, and that he was released from SHU after security staff and other prison officials watched the surveillance footage that belied the disciplinary report. In addition, Scott asserts that Lt. Tawes failed to report the August 9, 2025 sexual assault.

Scott claims that Lt. Tawes's conduct violated his federal rights, including his Eighth Amendment rights. He seeks an order demoting Lt. Tawes and an order enjoining staff from retaliating against him, as well as compensatory damages.

**DISCUSSION**

Habeas corpus relief pursuant to 28 U.S.C. § 2241 is available if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Section 2241 . . . may be used to attack the manner in which a sentence is executed, as opposed to the sentence itself." Gonzalez-Fuentes v. Molina, 607 F.3d 864, 876 n.9 (1st Cir. 2010).

The Supreme Court has not yet decided whether federal prisoners may use § 2241 petitions to litigate claims challenging the conditions of their confinement. See, e.g., Ziglar v. Abbasi, 582 U.S. 120, 144–45 (2017) ("leaving open" question of whether § 2241 petitions may be used by civil detainees to litigate conditions of confinement claims (citing Bell v. Wolfish, 441 U.S. 520, 526 & 527, n. 6 (1979); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)). The First Circuit has stated – in dicta – that Eighth Amendment conditions of confinement claims can be litigated in § 2241 petitions. See, e.g., United States v. DeLeon, 444 F.3d 41, 59 (1st Cir. 2006) (dictum) ("If the conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available."); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) (dictum) ("Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinement . . . ."). Courts within the First Circuit "take the view that to bring a claim

under § 2241 . . . in relation to a sentence's manner of execution, the petitioner must challenge, at some level, the validity or duration of his confinement, not merely the conditions of that confinement." Vogel v. Berlin, No. 24-CV-82-JL-TSM, 2024 WL 3993157, at *5 (D.N.H. Aug. 14, 2024), R&R approved, 2024 WL 3991654 (D.N.H. Aug. 29, 2024).

The First Circuit's decision in Gonzalez-Fuentes v. Molina describes claims that are suitable for review in federal habeas petitions. See 607 F.3d. at 873 & n.7.

> "If the prisoner is seeking what can be fairly described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation . . . then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks."

Id. (emphasis added) (citation omitted); see also Brennan v. Cunningham, 813 F.2d 1, 5 (1st Cir. 1987) (prisoner's challenge to revocation of his halfway house placement and his participation in work-release program, which is "more closely related to the length, rather than simply the conditions, of [his] confinement," may be brought in habeas corpus proceeding).

The relief Scott seeks, and the relief that would be granted on his claims if successful, is neither a shorter sentence nor any quantum change in Scott's custody. Under such circumstances, Scott's claims are not cognizable under 28 U.S.C. § 2241. Accordingly, the district judge here should dismiss Scott's § 2241 Petition.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss this § 2241 Petition, without prejudice. Then, the Clerk of Court may enter judgment and close this case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection in this case within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163,

168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

October 13, 2026

cc: Adam Scott, pro se